UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CR-105 |
| | ) | (VARLAN/GUYTON) |
| ANTONIO TERRIAL ROBINSON, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 37]. The defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 to the United States Sentencing Guidelines (the "Guidelines"). The United States filed a response [Doc. 38], stating that the defendant appears to be eligible for a sentence reduction under § 3582(c)(2). The government, however, defers to the Court's discretion whether, and to what extent, to grant a reduction [*Id.*].

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S. Sentencing Guidelines Manual § 1B1.10, which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> > (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment–
>
> > (1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18

U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.--

(A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only).

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2011). In addition, the application notes to section 1B1.10 provide that, in considering a reduction in a defendant's

term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

4

**II.   Analysis**

The defendant pleaded guilty to and was convicted of possessing with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 36]. According to the Guidelines in effect at the time of the defendant's sentencing and given the amount of drugs the defendant was held accountable for—13.1 grams of crack cocaine—the probation officer determined the defendant's base offense level was 24 [Presentence Investigation Report (the "PSR") ¶¶ 13, 15]. Following a three-level reduction for acceptance of responsibility, the defendant's total offense level was 21 [*Id.* ¶¶ 22, 23]. Given his criminal history category of V, the applicable Guidelines range for the drug offense was 70 to 87 months' imprisonment [*Id.* ¶¶ 38, 71]. The defendant also was subject to a statutory mandatory minimum sentence of 60 months for his firearms offense [*Id.* ¶ 70]. His effective Guidelines range was therefore 130 to 147 months' imprisonment [*Id.* ¶ 71].

Before sentencing, the government filed a motion for downward departure due to the defendant's substantial assistance. On May 14, 2009, the Court granted the motion and sentenced the defendant to a term of 65 months' imprisonment: five months for the drug offense, followed by the statutorily-mandated term of 60 months for the firearms offense [Doc. 36]. The defendant's sentence for the drug offense was ninety-three percent below the applicable Guidelines range.

Both the defendant and the government agree that the defendant's Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011, and thus, the defendant's advisory Guidelines range is affected by Amendment 750. Pursuant to Amendment 750, the quantity of drugs for which the defendant was held accountable—13.1 grams of crack cocaine—would yield a base offense level of 20, and after the relevant adjustment for acceptance of responsibility is applied, the defendant would have a total offense level of 17. When combined with the defendant's criminal history category of V, the amended Guidelines range for the drug offense would be 46 to 57 months' imprisonment, restricted by the 60-month mandatory minimum. The defendant also would still be subject to the 60-month consecutive mandatory minimum for his firearms offense, which results in an effective Guidelines range of 120 months' imprisonment. As this range is lower than the Guidelines range previously applicable to the defendant, the Court agrees with the parties that the defendant is eligible for a sentence reduction pursuant to § 3582(c)(2). The Court, therefore, may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statements.

The Court notes that, because the defendant was originally sentenced ninety-three percent below the then-applicable Guidelines range on the drug offense due to his substantial assistance, he requests a ninety-three percent reduction from the amended Guidelines range, which he submits is three months' imprisonment for the drug offense for a total of 63 months' imprisonment [Doc. 37]. The government disagrees with this calculation and submits that a ninety-three percent reduction would result in a new sentence as low as four

months' imprisonment on the drug offense, and when combined with the 60 months for the firearms offense, would yield a sentence of 64 months' imprisonment [Doc. 38].[1]

The Court has considered § 3582(c)(2), section 1B1.10, and the relevant § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced. In regard to these factors, the Court has considered the nature and circumstances of the defendant's offenses—a drug offense and a firearms offense—and the defendant's history and characteristics—including a history of marijuana and alcohol use. Noting that the defendant's offense did involve drugs and a firearm, which raise a risk of violence, the Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). Finally, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii). Indeed, Amendment 750 itself addresses some of these factors,

---

[1] The Court notes that it agrees with the government's calculation over the defendant's calculation as ninety-three percent of 46 months is 3.22 months.

particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA.

After considering § 3582(c)(2), the requirements of section 1B1.10, and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence is appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750.

The Court previously determined that a sentence ninety-three percent below the defendant's Guidelines range of 70 to 87 months' imprisonment for the drug charge, coupled with the 60-month consecutive mandatory minimum for the firearms offense, was appropriate. As no new information regarding the defendant's conduct has been presented to cause the Court to reach a different conclusion under the § 3553 factors and because there is nothing to suggest to the Court at this time any danger to the public would be created by any reduction in the defendant's sentence, the Court finds that a similar sentence under the reduced Guidelines range would be appropriate; that is, a sentence ninety-three percent below the defendant's amended Guidelines range of 46 to 57 month's imprisonment on the drug charge, or four months' imprisonment. When combined with the 60-month consecutive mandatory minimum for the firearms offense, this results in 64 months' imprisonment.

The Court notes that in making this determination the Court has reviewed records from the Bureau of Prisons (the "BOP"), which indicate that the defendant is presently housed at the Midway Rehabilitation Center in Knoxville, Tennessee, under the custody of

the BOP. He has been at this location since January 12, 2012. According to the BOP, the defendant's estimated release date is September 7, 2012, but officials at Midway Rehabilitation Center have estimated his release date to be August 3, 2012. The defendant's counselor states that, since arriving at the rehabilitation center, the defendant has been oriented with the program and found full-time employment. The defendant's drug screens have all returned with negative results and the defendant promptly arrives for all scheduled individual and group counseling sessions. He also participates appropriately during his counseling sessions. The defendant's attitude, according to his counselor, seems positive and she states he appears motivated and compliant with the program requirements.

In sum, after considering the § 1B1.10 and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of his offenses, his criminal history, and his post-sentencing conduct. Accordingly, because the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time, and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence to a term of 64 months' imprisonment. As it appears that a sentence of 64 months' imprisonment renders the defendant eligible for release, the Court further finds that the sentence shall take

effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations.

## III. Conclusion

For the reasons given above, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 37] is hereby **GRANTED** and the defendant's sentence is reduced to **64 months' imprisonment, such reduction to take effect ten (10) days from the entry of this order** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall include the following language: If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED.

    s/ Thomas A. Varlan  
    UNITED STATES DISTRICT JUDGE